UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ronald L. O'Bert, | Case No. 1:08-cv-660 |
| Plaintiff, | |
| vs. | |
| Commissioner of Social Security, | |
| Defendant. | |

**ORDER**

Before the Court is Plaintiff's Reply (Doc. 17) to the Report and Recommendation of the Magistrate Judge. The Magistrate Judge recommends that the decision of the Commissioner be vacated, and this matter remanded for further proceedings pursuant to 42 U.S.C. §405(g). (Doc. 16) The Commissioner has not filed objections to the Report and Recommendation.

Plaintiff, appearing pro se in this case, suggests that there is sufficient evidence in the record for this Court to reverse the Commissioner's decision and order payment of benefits, without a remand.

This Court, upon review of a final Commissioner's determination, may remand with instructions to award benefits when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994). An award of benefits in such a

situation is proper only "... where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  Id.

The Magistrate Judge concluded that the Commissioner's determination that Plaintiff did not have a severe impairment (at step two of the sequential analysis) was not supported by substantial evidence in the record.  For the reasons fully discussed by the Magistrate Judge, this Court agrees.  The Court particularly notes that the medical records demonstrate that Plaintiff has a long-standing problem with severe headaches, yet the ALJ stated there is "no evidence" of headaches in the relevant time period.  (TR 19)

Because the ALJ found no severe impairment, there has been no analysis of Plaintiff's residual functional capacity in light of any severe impairments that may be found to exist after appropriate consideration of the medical evidence.  The state reviewer who completed a physical RFC assessment (TR 366-371) indicated that he did not review Plaintiff's treating physicians' statements regarding his physical capacities.  He also limited his review to records spanning a very short period between the claimed onset date and Plaintiff's last insured date.  It is not this Court's duty to make findings of fact or resolve conflicts in the evidence.  While the Court recognizes that it has been over five years since Plaintiff's application was initially

denied, the Court must remand this matter for further consideration and development of the medical record by the Commissioner, including the specific issues of the onset and duration of Plaintiff's conditions, and completion of the sequential analysis.

Therefore, the Court adopts in the Report and Recommendation of the Magistrate Judge. The decision of the Commissioner denying Plaintiff's claim for benefits is reversed, and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

SO ORDERED.

DATED: September 21, 2009         s/Sandra S. Beckwith
                                  Sandra S. Beckwith
                                  Senior United States District Judge